IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–00147–CMA–KMT

TDP, INC. d/b/a TECHNOLOGY DRIVEN PRODUCTS, INC., a Colorado corporation,

Plaintiff,

v.

MARIAH POWER, INC., a Delaware corporation,

Defendant.

**ORDER**

This matter is before the court on Plaintiff's "Motion to Amend Complaint." (Doc. No. 11, filed April 12, 2010 [hereinafter "Mot."].) In its Motion, Plaintiff seeks to amend its Complaint to reflect additional facts regarding the relationship between Plaintiff and Defendant. (Mot. at ¶ 1.) Plaintiff also seeks to add a civil theft claim based on these additional facts. (*Id.*) Although Plaintiff's Motion indicated that Defendant originally objected to the relief sought (*id.*), Defendant has since filed a "Notice of Withdrawal of Objection to Plaintiff's Motion to Amend Complaint" stating that it no longer opposes Plaintiff's Motion (Doc. No. 16, filed May 10, 2010).

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley*

*Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir.2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

The deadline for amending the pleadings was set by this court in the Scheduling Order for May, 28, 2010. (Doc. No. 13, ¶ 9(a), filed Apr. 13, 2010.) Therefore, Plaintiff's Motion and proposed Amended Complaint were timely filed. Further, the case is otherwise in the early stages of litigation. Finally, upon review of Plaintiff's Motion and the proposed Amended Complaint the court finds there has been no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is **ORDERED**

Plaintiff's "Motion to Amend Complaint" (Doc. No. 11) is **GRANTED**. The Clerk of Court shall file Plaintiff's "Amended Complaint" (Doc. No. 11–1), attached as Exhibit A to Plaintiff's Motion.

Dated this 11th day of May, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge