IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 10-cv-00147-CMA-KMT

TDP, INC. d/b/a TECHNOLOGY DRIVEN PRODUCTS, INC., a Colorado corporation

    Plaintiff,

v.

WINDSPIRE ENERGY, INC. f/k/a MARIAH POWER, INC., a Delaware corporation, and AARON KERSON, an individual

    Defendants.

## STIPULATED PROTECTIVE ORDER

The Parties anticipate that discovery in this matter will involve the production of confidential or protected information, including proprietary trade secrets. The Parties stipulate that such confidential or protected information must be maintained as confidential. Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other

information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. A document shall be designated as "CONFIDENTIAL" only after counsel for the designating party has reviewed the document and determined, on a good faith basis, that the information therein is "CONFIDENTIAL" and entitled to protection under Fed. R. Civ. P. 26(c).

4. Information designated "CONFIDENTIAL" shall be information that constitutes a trade secret or confidential commercial information pursuant to Colo. Rev. Stat. § 7-74-102(4) and Fed. R. Civ. P. 26(c)(1)(G). CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

5. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    a. attorneys actively working on this case;

    b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

  c. the parties;

  d. the Court and its employees ("Court Personnel");

  e. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

  f. deponents, witnesses, or potential witnesses; and

  g. other persons by written agreement of the parties.

  6. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than the parties, counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

  7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

  8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice

of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. In the event Confidential Information is used in any court filing or proceeding in this action, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order

issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.Colo.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection. Counsel for any party wishing to submit any confidential information or document in a court filing or proceeding shall notify counsel for the party who designated such information or material confidential 48 hours prior to such filing or use so that the party claiming confidentiality may seek leave for said material to be submitted under seal as described above.

11. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 2nd day of July, 2010.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge

**APPROVED BY COUNSEL:**

*s/ Samuel L. Reid*
Wm. David Byassee, #16363
Samuel L. Reid, #40435
Jackson Kelly PLLC
1099 18th Street, Suite 2150
Denver, Colorado 80202
Telephone: (303) 390-0003
Facsimile: (303) 390-0177
sreid@jacksonkelly.com

**ATTORNEYS FOR PLAINTIFF TDP, INC.**

*s/ J. Lee Gray*
J. Lee Gray
Holland & Hart LLP
6380 S. Fiddlers Green Circle, Suite 500
Greenwood Village, CO 80111
Phone: 303-290-1600
Fax: 303-290-1606
lgray@hollandhart.com

**ATTORNEYS FOR DEFENDANT WINDSPIRE ENERGY INC. F/K/A MARIAH POWER INC.**